# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

NICHOLAS WOLKE,

        Petitioner,   :   Case No. 1:19-cv-966

  - vs -                     District Judge Susan J. Dlott
                            Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
 Chillicothe Correctional Institution,

                           :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Nicholas Wolke under 28 U.S.C. § 2254, is before the Court for decision on the merits. The relevant pleadings are the Petition (ECF No. 1 and 2), the State Court Record (ECF No. 7), the Return of Writ (ECF No. 8), and Petitioner's Reply (ECF No. 10).

The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the Southern District.

**Litigation History**

On March 5, 2008, the Adams County, Ohio, grand jury indicted Wolke on two counts of murder, each with a firearm specification, in connection with the shooting deaths of Denise Blanton and Jonathan Gilkison (Indictment, State Court Record, ECF No. 7, Ex. 1). On December

1

12, 2008, Wolke, with the assistance of counsel, pleaded guilty to both counts in return for dismissal of the firearm specifications and was sentenced to an aggregate term of imprisonment of thirty years to life. *Id.* at Ex. 3.  Wolke did not take a direct appeal.

Instead, more than six years later on February 17, 2015, Wolke moved to merge the two counts of the indictment under Ohio Revised Code § 2941.25, arguing that conviction on both counts violated the Double Jeopardy Clause of the United States Constitution. *Id.* at Ex. 6.  The trial court denied the motion and Wolke did not appeal.

On April 9, 2015, Wolke moved the trial court to re-sentence him, claiming the original judgment was void because the trial judge had not advised him that failure to pay court costs, restitution, and the costs of prosecution could result in his being ordered to perform community service. *Id.* at Ex. 8.  The trial court denied the motion, Wolke appealed, and the Ohio Court of Appeals for the Fourth District affirmed the trial court's decision. *State v. Wolke*, 2016-Ohio-1134 (Ohio App. 4th Dist. Mar. 11, 2016).  Wolke did not timely appeal to the Supreme Court of Ohio and his motion for delayed appeal was denied. *State v. Wolke*, 146 Ohio St. 3d 1489 (2016).

On February 2, 2017, Wolke moved the Ohio Fourth District Court of Appeals to allow a delayed appeal from his conviction (Motion, State Court Record, ECF No. 7, Ex. 29).  That court denied the motion, finding that Wolke had not shown justification for waiting more than nine years to seek to appeal. *Id.* at Ex. 31.  Wolke did not appeal to the Supreme Court of Ohio.  Wolke's subsequent motion to correct sentence failed in the trial court and the Fourth District.  Again he did not appeal to the Supreme Court of Ohio.

On June 7, 2018, Wolke again moved to set aside his plea and the resulting judgment. *Id.* at Ex. 40.  The trial court denied relief and Wolke appealed to the Fourth District.  That court treated the motion as a petition for post-conviction relief under Ohio Revised Code § 2953.21.

2

*State v. Wolke*, 2019-Ohio-1491, ¶ 8 (Ohio App. 4th Dist. Apr. 15, 2019), appellate review declined, 2019-Ohio-4003. It concluded Wolke's First Assignment of Error regarding his claim that his guilty plea was involuntary was barred by Ohio's criminal *res judicata* doctrine. *Id.* at ¶¶ 11-13. In his Second Assignment of Error, Wolke argued that imposition of post-release control was improper for these murder convictions. The State agreed and the Fourth District remanded for correction of the December 2008 judgment entry. *Id.* at ¶¶ 16-20. On February 12, 2020, the trial court entered an Amended Judgment which excluded post-release control (State Court Record, ECF No. 7, Ex. 61). At that time, Wolke had already filed his Petition in this case which pleads the following grounds for relief:

> **Ground One:** Due process and equal protection.
>
> **Supporting Facts:** Notwithstanding the state-prescribed medications that were knowingly administered prior to the plea and sentencing, the lower court ignored the protections of the double jeopardy clause, due process, equal protection, and separation of powers. Moreover, they arbitrarily recast the petitioner's motion to a criteria that ignored the flagrant truth in the case *sub judice*.
>
> **Ground Two:** Due process and equal protection.
>
> **Supporting Facts:** Despite the affirmative defense of self-defense, the inferior court accepted a plea that is inimical to clear established law and misinformed petitioner of his perceived punishment at all critical stages.

(Petition, ECF No. 1, PageID 6-8).

## Analysis

**Grounds One and Two: Due Process and Equal Protection**

Because Wolke is proceeding *pro se*, he is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Magistrate Judge will therefore attempt to discern every constitutional claim Wolke makes under the rubric of "Due Process and Equal Protection" and analyze it without respect to the formality of its presentation.

**First claim: Involuntary Plea Because of the Influence of Drugs**

Wolke's first claim is that his guilty plea was involuntary and therefore voidable because he was under the influence of "state-prescribed medications" at the time of his plea. He first made this claim in his June 2018 Motion to Set Aside Judgment and Plea (State Court Record, ECF No. 7, Ex. 40). The Motion is not supported by any evidence, by way of affidavit or otherwise, that claims Wolke was under the influence of drugs; it merely alleges without support that the plea was drug-induced. *Id.* at PageID 318. Although Wolke has repeated the allegation continuously since this first mention, he has never provided any supporting evidence, even to the point of enumerating the drugs.

The Fourth District Court of Appeals treated this motion as a petition for post-conviction relief under Ohio Revised Code § 2953.21 and affirmed its denial based on the Ohio criminal doctrine of *res judicata*. *Wolke*, 2019-Ohio-1481, ¶ 13, citing *State v. Perry*, 10 Ohio St. 2d 175

4

(1967). Par. 9 of the syllabus in *Perry* states:

> 9. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction *or on an appeal* from that judgment.

Since its announcement in *Perry*, the Ohio courts have consistently enforced the rule. *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).

The Sixth Circuit has repeatedly held that the *Perry res judicata* doctrine is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

While "presentation of competent, relevant, and material evidence *dehors* [outside] the record may defeat the application of *res judicata*." *State v. Lawson*, 103 Ohio App. 3d 307 (12th Dist. 1995), Wolke has never presented such evidence. He cannot do so now because the statute of limitations for filing a petition for post-conviction relief in which such evidence could be presented expired July 17, 2009, 180 days after his time to take a direct appeal expired. Ohio Revised Code § 2953.21(A)(2)[1].

Even if Wolke attempted to file a delayed petition for post-conviction relief, his claim that his plead was drug-induced is directly contradicted by the record. At the time of his plea he represented to the trial judge both orally and in writing that he was not under the influence of any medications that would have affected the voluntariness of the plea (Plea of Guilty, State Court

---

[1] The statute of limitations was expanded to 365 days in 2015, long after the statute had expired in this case.

5

Record, ECF No. 7, Ex. 3, PageID 37 "I am not under the influence of drugs or alcohol."; Plea Transcript, State Court Record, ECF No. 7-1, PageID 465-66).

As to all of Wolke's claims, Respondent has raised the defense of procedural default. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default

> doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*.
>
> Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

7

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

As shown above, the State of Ohio does have a relevant procedural rule – the *res judicata* doctrine of *Perry, supra*. The Fourth District Court of Appeals enforced that rule against Wolke and he has not shown cause and prejudice to excuse this procedural default. Therefore Wolke's claim that his plea should be set aside because it was drug-induced should be dismissed as procedurally defaulted. He has also procedurally defaulted this claim by not making it in a timely petition for post-conviction relief. While the Ohio courts have not yet had occasion to enforce this limitation on Wolke's claim, they undoubtedly would do so if he attempted a delayed post-conviction petition.

**Second Claim: Double Jeopardy**

Wolke claims his conviction on two counts of murder somehow violates the Double Jeopardy Clause. He does not discuss this claim at all in his Traverse and it is plainly without merit. Although the elements of the two counts of murder are the same, there were plainly alleged to be two separate victims and Wolke admitted in his guilty plea that he had killed both victims. It has never been thought that the Double Jeopardy Clause prevented conviction of a person for

8

murdering two different people.

**Third Claim: Improper Re-Casting of Motion**

Petitioner claims the Fourth District "arbitrarily recast the petitioner's motion to a criteria [sic] that ignored the flagrant truth in the case *sub judice*." Wolke's most recent motion in the Common Pleas Court was labeled "Motion to Set Aside Judgment and Plea" (State Court Record, ECF No. 7, Ex. 40). When denial of that motion reached the Fourth District, it held:

> [*P8] This Court has noted that "[c]ourts may recast irregular motions into whatever category is necessary to identify and to establish the criteria by which a motion should be judged." *State v. Waulk*, 4th Dist. Ross No. 15CA3051, 2016-Ohio-5018, at ¶ 6, quoting *State v. Pippen*, 4th Dist. Scioto No. 14CA3595, 2014-Ohio-4454, ¶ 10, quoting *State v. Eldridge*, 4th Dist. Scioto No. 13CA3584, 2014-Ohio-2250, ¶ 5; *State v. Sanders*, 4th Dist. Pickaway No. 13CA29, 2014-Ohio-2521, ¶ 6; citing *State v. Lett*, 7th Dist. Mahoning No. 09MA131, 2010-Ohio-3167, ¶ 15; *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. Petitions for post-conviction relief typically raise constitutional challenges to convictions and sentences. We consider Appellant's "Motion to Set Aside Judgment and Plea" to be a petition for post-conviction relief, pursuant to R.C. 2953.21.

The proper treatment of post-conviction motions in state court practice is a question of state law. On the other hand, federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160

9

(1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

Wolke claims in his Traverse "Petitioner did present his claims as a federal constitutional issue and not as an issue arising under state law." (ECF No. 10, PageID 576). However, when he appealed to the Supreme Court of Ohio from the Fourth District's decision, he claimed only that his motion, said to have been made under Ohio R. Crim. P. 32.1, was not "irregular," and cited only Ohio law to support that claim (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 7, Ex. 51, PageID 377, citing *State v. Bush*, 96 Ohio St. 3d 235 (2002)). *State v. Bush* speaks to the proper classification of post-conviction motions under Ohio law, but does not purport to decide any question of federal constitutional law.

Furthermore, there is no Supreme Court precedent known to the undersigned which would require the Ohio courts to treat Wolke's Motion differently from the way they did, either as a matter of due process or equal protection. Even assuming the Fourth District was wrong as a matter of Ohio law in not accepting Wolke's own classification of the motion as arising under Ohio Crim. R. 32.1, failure to abide by state law is not itself a constitutional violation. *Roberts v. City of Troy*, 773 F.2d 720 (6th Cir. 1985). Violation by a State of its own procedural rules does not necessarily constitute a violation of due process. *Bates v. Sponberg*, 547 F.2d 325 (6th Cir. 1976); *Ryan v. Aurora City Bd. of Educ.*, 540 F.2d 222, 228 (6th Cir. 1976). "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

Wolke's third claim does not state a violation of the United States Constitution and therefore is not cognizable in habeas corpus.

**Fourth Claim: Failure to Consider the Defense of Self-Defense**

In his fourth claim, Wolke asserts that when he shot and killed Blanton and Gilkison, he was acting in self-defense. In his Traverse, he invokes the so-called "castle" doctrine and asserts that it entitled him to relief in this case (ECF No. 10, PageID 577).

Ohio Revised Code § 2901.05(A) as it existed at the time of Wolke's plea placed the burden on a defendant to prove self-defense by a preponderance of the evidence. Allocating the burden of production and proof in that way is constitutional. *Martin v. Ohio,* 480 U.S. 228 (1987).

> The absence of self-defense or defense of another is not an element of murder or assault that the State must prove. Rather, both self-defense and defense of another are affirmative defenses, and, at the time of his trial, Shoecraft bore the burden of proving each element of those defenses by a preponderance of the evidence. [footnote omitted] *Koch*, 146 N.E.3d at 1258; *State v. Brown*, 2017- Ohio 7424, 96 N.E.3d 1128, 1134 (Ohio Ct. App. 2017). Because the Constitution does not require the prosecution to prove the nonexistence of affirmative defenses, *Smith v. United States*, 568 U.S. 106, 110, 133 S. Ct. 714, 184 L. Ed. 2d 570 (2013); *Patterson v. New York, 432 U.S. 197, 210, 97 S. Ct. 2319, 53 L. Ed. 2d 281 (1977)*, the State's alleged failure to disprove self-defense or defense of another does not implicate a constitutional concern, see *Caldwell v. Russell,* 181 F.3d 731, 740 (6th Cir. 1999) (abrogated on other grounds by *Mackey v. Dutton*, 217 F.3d 399, 406 (6th Cir. 2000)); *Richardson v. Lebanon*, 384 F. App'x 479, 482 (6th Cir. 2010).
>
> n. 1 "A non-retroactive statutory amendment enacted after Shoecraft's trial provides that, if a defendant produces evidence showing that he acted in self-defense or defense of another, the burden shifts to the prosecution to prove beyond a reasonable doubt that the defendant did not use force in self-defense or in defense of another. *See State v. Thomas*, 139 N.E.3d 1253, 1260 n.1 (Ohio Ct. App. 2019); *State v. Koch*, 146 N.E.3d 1238, 1265 (Ohio Ct. App. 2019). Because this amendment is not retroactive, it does not affect Shoecraft's case."[2]

---

[2] This amendment was also enacted after Wolke's plea, but even if it had been in place then, it would not have required the State to prove the non-existence of self-defense until Wolke had come forward with some evidence of self-defense at trial.

11

*Shoecraft v. Shoop,* 2020 U.S. App. LEXIS 27860* 7, (6th Cir. Sept. 1, 2020).

The record does not show that Wolke ever pleaded that he acted in self-defense and of course a plea of guilty waives the right to present any defense. A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

By pleading guilty, Wolke waived the right to have a jury decide if he acted in self-defense. His fourth claim is therefore without merit.

**Fifth Claim: Misinformation About Punishment**

Wolke's fifth claim is that he was misinformed at the guilty plea proceeding about the maximum punishment he faced. As he notes, the trial judge told him he was subject to post-release control and that condition may not, under Ohio law, be imposed on a person convicted of murder.

As the State conceded to the Fourth District, Wolke's position on post-release control is correct. Although the State objected, the Fourth District remanded the case for correction of this error. *Wolke*, 2019-Ohio-1481, ¶¶ 17-20. The trial court obeyed the mandate of the Fourth District and amended the judgment to eliminate imposition of post-release control (Amended Judgment, State Court Record, ECF No. 7, Ex. 61). Thus the trial court has corrected its error.

Wolke is not entitled to habeas corpus relief on the basis of this corrected error. He is now subject to a less severe sentence than he thought he was exposing himself to when he pleaded

guilty: he will not be on post-release control if he should ever be released. To put it another way, although he was misinformed of the possible maximum sentence when he pleaded guilty, that portion in excess of the legal maximum sentence has been removed. Wolke's fifth claim is without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Wolke's Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 23, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.