# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

NICHOLAS WOLKE,

          Petitioner,  :  Case No. 1:19-cv-966

- vs -                             District Judge Susan J. Dlott
                                     Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                       :

          Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendations recommending the Petition be dismissed (the "Report," ECF No. 12). As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* each portion of the Report to which petitioner has objected and rules on those Objections in this Decision and Order.

In the Petition, Wolke pleaded the following grounds for relief:

> **Ground One:** Due process and equal protection.
>
> **Supporting Facts:** Notwithstanding the state-prescribed medications that were knowingly administered prior to the plea and sentencing, the lower court ignored the protections of the double jeopardy clause, due process, equal protection, and separation of powers. Moreover, they arbitrarily recast the petitioner's motion to a criteria that ignored the flagrant truth in the case *sub judice*.

1

> **Ground Two:** Due process and equal protection.
>
> **Supporting Facts:** Despite the affirmative defense of self-defense, the inferior court accepted a plea that is inimical to clear established law and misinformed petitioner of his perceived punishment at all critical stages.

(Petition, ECF No. 1, PageID 6-8).

Obliged to construe Wolke's pro se pleading liberally, the Magistrate Judge found he had made five claims within these two Grounds for Relief (Report, ECF No. 12, PageID 586). The Report recommended that all five claims be dismissed; the Objections take issue only regarding the Fifth Claim.

In his Fifth Claim Wolke asserted he was misinformed when he pleaded guilty as to the maximum punishment in that the trial judge had told him he would be subject to post-release control if he were paroled. The Report notes that Wolke first raised this claim in a motion to set aside his guilty plea on June 7, 2018 (Report, ECF No. 12, PageID 584, citing State Court Record, ECF No. 7, Ex. 40). The trial court denied the motion and Wolke appealed. The appellate court treated the motion as a petition for post-conviction relief under Ohio Revised Code § 2953.21. *State v. Wolke*, 2019-Ohio-1491, ¶ 8 (Ohio App. 4th Dist. Apr. 15, 2019), appellate review declined, 2019-Ohio-4003. In his Second Assignment of Error, Wolke argued that imposition of post-release control was improper for these murder convictions. The State agreed and the Fourth District remanded for correction of the December 2008 judgment entry. *Id.* at ¶¶ 16-20. On February 12, 2020, the trial court entered an Amended Judgment which excluded post-release control (State Court Record, ECF No. 7, Ex. 61).

The Report concluded Wolke was not entitled to habeas corpus relief on his Fifth Claim because the trial court had corrected its error (ECF No. 12, PageID 594-95). Wolke objects, asserting the error renders his conviction void. He cites no authority for that proposition, but

2

asserts "conventional wisdom would dictate that the plea and subsequent sentence are void in their entirety." (Objections, ECF No. 17, PageID 605). But state court decisions cannot be reversed in habeas because they are contrary to "conventional wisdom," but only if they are contrary to or objectively unreasonable applications of United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

Petitioner's objections are overruled and the Magistrate Judge's Report is adopted. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 14, 2021.

Susan J. Dlott
United States District Judge

**Fifth Claim: Misinformation About Punishment**

Wolke's fifth claim is that he was misinformed at the guilty plea proceeding about the maximum punishment he faced. As he notes, the trial judge told him he was subject to post-release control and that condition may not, under Ohio law, be imposed on a person convicted of murder.

As the State conceded to the Fourth District, Wolke's position on post-release control is correct. Although the State objected, the Fourth District remanded the case for correction of this error. *Wolke*, 2019-Ohio-1481, ¶¶ 17-20. The trial court obeyed the mandate of the Fourth District and amended the judgment to eliminate imposition of post-release control (Amended Judgment, State Court Record, ECF No. 7, Ex. 61). Thus the trial court has corrected its error.

Wolke is not entitled to habeas corpus relief on the basis of this corrected error. He is now subject to a less severe sentence than he thought he was exposing himself to when he pleaded guilty: he will not be on post-release control if he should ever be released. To put it another way, although he was misinformed of the possible maximum sentence when he pleaded guilty, that portion in excess of the legal maximum sentence has been removed. Wolke's fifth claim is without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends Wolke's Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

November 23, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.